UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No: -11-52874 |
| Twyla Lavaye Roberson, | * | |
| , | * | |
| | * | Chapter 13 |
| Debtor(s). | * | |

**CHAPTER 13 PLAN**

Extension [ ]                                                    Composition [x]

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$250.00** per month to Trustee by [x] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of **Sixty (60) months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   [ ] IF CHECKED, Plan payments will increase by $____ on _____ upon completion or termination of _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3,950.00**. The base fee includes, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of $0.00 was paid prior to the filing of the case. The balance of the fee shall be disbursed by the Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$3,950.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the

fees shall be paid up to **$146.00** per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed **$3,950.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties in interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the non-base fee shall be added to any unpaid balance of the base fee and paid in accordance with paragraph (B)(a) above. If the base fee has been paid in full, then the non-base fee shall be paid at the rate of up to **$146.00** per month, and the distributions to creditors shall be reduced, *pro rata,* by that amount until the non-base fee is paid in full.

5. **Priority Claims**.
    A. **Domestic Support Obligations**.

    [x] None. If none, skip to Plan paragraph 5(B).

    I. Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    II. The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 302(b)(6).

    III. Anticipated Domestic Support Obligation Arrearage Claims

    a) Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    [x] None; or

    | Creditor (Name and Address) | Estimated Arrearage Claim | Projected Monthly Arrearage Payment |
    |---|---|---|
    |  |  |  |

    b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    [x] None; or

    Claimant and proposed treatment:

    B. **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Creditor | Estimated Claim |
|---|---|
|  |  |

6. **Secured Claims**.

   A. **Claims Secured by Personal Property Which Debtor Intends to Retain**.

      I. **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

      Debtor shall make the following adequate protection payments:

      ☐ directly to the creditor; or

      ☒ to the Trustee pending confirmation of the plan.

| Creditor | Collateral | Adequate protection payment amount |
|---|---|---|
| Dynamic Financial | 2005 Mercedes Benz | $29.00 |

| Creditor | Collateral | Adequate protection payment amount |
|---|---|---|
| Title Max | 1997 BMW | $15.00 |

   II. **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   a) **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Dynamic Financial | 2005 Mercedes Benz | 2007 | $2996.00 | Contract | $15.00 |
| **Post confirmation payments to Dynamic Financial shall increase to $90.00 beginning August 2012.** | | | | | |

b) **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

[x] None; or

| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

B. **Claims Secured by Real Property Which Debtor Intends to Retain**.

Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| Creditor | Property Description | Estimated Pre-Petition Arrearage | Projected Monthly Arrearage Payment |
|---|---|---|---|
| Wachovia Bank | Residence | $537.00 | $15.00 |

**Post confirmation payments to Wachovia Bank shall increase to $53.00 beginning August 2012.**

| Creditor | Property Description | Estimated Pre-Petition Arrearage | Projected Monthly Arrearage Payment |
|---|---|---|---|
| Washington Mutual | Residence | $1,743.00 | $15.00 |

**Post confirmation payments to Wachovia Bank shall increase to $53.00 beginning August 2012.**

| Creditor | Property Description | Estimated Pre-Petition Arrearage | Projected Monthly Arrearage Payment |
|---|---|---|---|
| Weatherbrooke Townhome | Residence | $673.00 | $15.00 |

| Creditor | Property Description | Estimated Pre-Petition Arrearage | Projected Monthly Arrearage Payment |
|---|---|---|---|
| Weatherbrooke Community HOA | Residence | $2,282.00 | $15.00 |

**Post confirmation payments to Weatherbrooke Community HOA shall increase to $69.00 beginning August 2012.**

    **C. Surrender of Collateral**.

Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Creditor | Collateral to be Surrendered |
|---|---|
|  |  |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $97,594.00.  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**.  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

    [x] None; or

| (a) Creditor | (b) Nature of Lease or Executory Contract | (c) Payment to be paid directly by Debtor | (d) Projected Arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.**  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

a) **Special classes of unsecured claims**.  Debtor's student loans shall be deferred throughout the term of the bankruptcy.  If Debtor's student loans do not remain in deferment, they will be repaid directly by Debtor.

b) **Other direct payments to creditors**. Debtor shall make post-petition mortgage payments directly to Wachovia Bank and Washington Mutual beginning February 1, 2010.

c) **Other allowed secured claims**. A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims.  Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

**d)** **Federal Tax Returns.** Any federal tax refunds the Debtor is entitled to receive during the applicable commitment period during the bankruptcy shall be paid into Debtor's Chapter 13 case. Further, Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. 11 U.S.C. §§ 1325(a)(3) and 1325(b)(1)(B).

**e)** **Claims subject to lien avoidance pursuant to 11 U.S.C. §§ 506(a), (d), and 522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, the creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

Dated this Monday, January 31, 2011.

_____ /S/        _____ /S/
Alaina Joseph                                              Twyla Lavaye Roberson,
Attorney for Debtor(s)                                Debtor.
GA Bar No. 940583
King and King, P.C.
215 Pryor Street, SW
Atlanta, Georgia  30303
(404) 524-6400

# CERTIFICATE OF NOTICE

```
District/off: 113E-9           User: howellgn                Page 1 of 2                  Date Rcvd: Feb 02, 2011
Case: 11-52874                 Form ID: pdf589               Total Noticed: 40


The following entities were noticed by first class mail on Feb 04, 2011.
tr            +Mary Ida Townson,   Chapter 13 Trustee,    Suite 2700 Equitable Bldg.,    100 Peachtree Street, NW,
                Atlanta, GA 30303-1906
14042823      +AMEX,   P.O. Box 297871,    Fort Lauderdale, FL 33329-7871
14042824      +Arrow Financial,    5996 W. Touhy Avenue,    Niles, IL 60714-4610
14042831      +Chase-Pier,   PO Box 15298,    Wilmington, DE 19850-5298
14042832      +Citifinancial,    PO Box 499,   Hanover, MD 21076-0499
14042833      +Compucredit,   c/o Jefferson Capital Systems,    PO Box 7999,    Saint Cloud, MN 56302-7999
14042835      +Dynamic Financial,    3201 South Cobb Drive,   Smyrna, GA 30080-4190
14042837      +Hilco Receivables LLC,    5 Revere Drive,   Northbrook, IL 60062-1566
14042838     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                PHILADELPHIA PA 19101-7346
              (address filed with court: IRS,    Centralized Insolvency Opera,    P.O. Box 21126,
                Philadelphia, PA 19114)
14042840      +JP Morgan Chase,    7255 Baymeadows Way,   Jacksonville, FL 32256-6851
14042822      +Jefferson Capital Systems,    P.O. Box 7999,   Saint Cloud, MN 56302-7999
14042839      +John Jay Fraiser,    Lazega & Johanson, LLC,    3520 Piedmont Rd. Ste 415,    Atlanta, GA 30305-1512
14042841      +LHR Inc,   56 Main St,    Hamburg, NY 14075-4905
14042842       MBNA,   P.O. Box 15137,    Wilmington, DE 19886-5127
14042843      +NCO FIN/22,    507 Prudential ROA,   Horsham, PA 19044-2308
14042844      +Northstar Capital Acquisitions,    c/o Jefferson Capital Systems,    PO Box 7999,
                Saint Cloud, MN 56302-7999
14042846     ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,   NORFOLK VA 23541-1067
              (address filed with court: Portfolio Recovery Associates,     P.O. Box 41067,    Norfolk, VA 23541)
14042847      +Portfolio Recvry & Affil,    120 Corporate Blvd STE 1,    Norfolk, VA 23502-4962
14042848      +RJM ACQ LLC,    575 Underhill BLVD STE 2,    Syosset, NY 11791-3426
14042849      +Sallie Mae,    1002 Arthur Dr,    Lynn Haven, FL 32444-1683
14042850      +Sprint Nextel Correspondence,    Attn Bankruptcy Dept,    PO Box 7949,
                Overland Park, KS 66207-0949
14042852      +Unifund,   10625 Techwood Circle,    Cincinnati, OH 45242-2846
14042853      +Vivien I. Ellis,    675 Metropolitan Parkway,    Suite 6076,   Atlanta, GA 30310-2083
14042854     ++WACHOVIA BANK NA,    PO BOX 13765,   ROANOKE VA 24037-3765
              (address filed with court: Wachovia Bank,    P.O. Box 3117,    Winston Salem, NC 27102)
14042858      +WF Financial Bank,    3201 N 4th Ave,    Sioux Falls, SD 57104-0700
14042859      +WFFINANCE,    2501 Seaport Dr STE BH30,    Chester, PA 19013-2249
14042855      +Washington Mutual,    P.O. Box 9001123,   Louisville, KY 40290-1123
14042856      +Weatherbrooke Townhome Assoc.,    125 Clairemont Ave, Suite 520,    Decatur, GA 30030-2551
14042857      +Wetherbrooke Community Associa,    Two Decatur Towncenter,ste 520,    125 Clairemont Avenue,,
                Decatur, GA 30030-2558
14042860      +Zenith Acquisition Corp.,    220 John Glenn Drive,    Suite One,   Buffalo, NY 14228-2228
14042827      +bmw bank of north americ,    2735 e parleys way ste,    Salt Lake City, UT 84109-1663
14042828      +bp/cbsd,    PO BOX 6497,    Sioux Falls, SD 57117-6497
14042829      +cap one,    PO Box 30281,   Salt Lake City, UT 84130-0281
14042830      +cbcs,   PO Box 1810,   Columbus, OH 43216-1810
The following entities were noticed by electronic transmission on Feb 02, 2011.
14042825       E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM                             Asset Acceptance Corp,
                PO Box 2036,   Warren, MI 48090-2036
14042826      +E-mail/PDF: BNCEmails@blinellc.com Feb 03 2011 00:05:53      B-Real, LLC,   MS 550,
                P.O. Box 91121,    Seattle, WA 98111-9221
14042834      +E-mail/PDF: mrdiscen@discoverfinancial.com Feb 03 2011 00:05:28      Discover Fin Svcs LLC,
                PO Box 15316,   Wilmington, DE 19850-5316
14042836       E-mail/Text: brnotices@dor.ga.gov                             Georgia Department of Revenue,
                Customer Service,    1800 Century Blvd. N.E.,    Atlanta, GA 30345-3205
14051730       E-mail/PDF: BNCEmails@blinellc.com Feb 03 2011 00:05:53      Roundup Funding, LLC,   MS 550,
                PO Box 91121,    Seattle, WA 98111-9221
14042849      +E-mail/PDF: pa_dc_claims@salliemae.com Feb 03 2011 00:11:29      Sallie Mae,   1002 Arthur Dr,
                Lynn Haven, FL 32444-1683
14042851      +Fax: 912-629-1538 Feb 02 2011 22:51:13      Title Max,   2481 Cobb Parkway,
                Smyrna, GA 30080-3000
                                                                                               TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14051731*     B-Real, LLC,   MS 550,   PO Box 91121,    Seattle, WA 98111-9221
14042845    ##+Platinum Capital Investm,   1245 S Main St STE 100,    Grapevine, TX 76051-7522
                                                                                               TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 113E-9           User: howellgn              Page 2 of 2              Date Rcvd: Feb 02, 2011
Case: 11-52874                 Form ID: pdf589             Total Noticed: 40
```

              ***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 04, 2011**                    Signature:    *Joseph Speetjens*